## In re Anonymous No. 91 D.B. 87

Disciplinary Board Docket no. 91 D.B. 87.

To The Honorable Chief Justice and Justices of the Supreme Court of Pennsylvania:

SCHWARTZMAN, *Member,* October 19, 1988—Pursuant to rule 208(d)(2)(iii), Pa.R.D.E., the disciplinary board of the Supreme Court of Pennsylvania herewith submits its findings and recommendations to your honorable court with respect to the within petition for discipline.

## HISTORY OF PROCEEDINGS

On February 18, 1988, a petition for discipline was filed against respondent. The petition sets forth respondent's conviction, on a guilty plea, and sentence in the U.S. District Court, [   ] District of Pennsylvania, on two of four counts of a federal indictment for violation of 26 U.S.C. 7203, charging willful failure to file income tax returns. Respondent was sentenced to imprisonment for 30 days and probation for an additional six months on October 26, 1987.

On the basis of the conviction and sentence, the petition in the instant disciplinary matter alleged violations of:

(a) D.R. 1-102(A)(3), illegal conduct involving moral turpitude.

(b) D.R. 1-102(A)(4), conduct involving dishonesty, fraud, deceit, or misrepresentation; and

(c) D.R. 1-102(A)(6), conduct which adversely reflects on fitness to practice law.

On April 4, 1988 the matter was referred to Hearing Committee [   ]. A hearing was held on May 10, 1988. Both parties filed memorandums of law and, similarly, both stipulated to certain relevant statistical and historical data concerning respondent's curriculum vitae, and past employment circumstances.

Petitioner introduced five exhibits, all of which verify undisputed facts of the criminal offense and proceedings before the federal court. Respondent introduced four exhibits, which included a psycho-

logical report dealing with respondent's long-term alcoholism, and written endorsements by two of petitioner's colleagues.

Hearing Committee [ ] filed its report on July 12, 1988, where they concluded that respondent did not exhibit conduct which involved moral turpitude (D.R. 1-102(A)(3)). Also, respondent did not, in the committee's judgment, exhibit dishonest, fraudulent, deceitful, or misrepresentational intent that would justify a finding of a violation of D.R. 1-102(A)(4). Lastly, the committee concluded that respondent did engage in conduct adversely reflecting on his fitness to practice law, in violation of D.R. 1-102(A)(6).

The recommendation of the hearing committee was that respondent should receive a three-month suspension from the practice of law. Neither party filed exceptions to the hearing committee report.

## FINDING OF FACT

(1) Respondent has been convicted, on a guilty plea, and sentenced in the U.S. District Court for the [ ] District of Pennsylvania of two misdemeanor counts of willful failure to file personal income tax returns.

(2) Respondent received a sentence of 30 days incarceration followed by six months probation.

(3) Respondent committed these offenses at a time when he was an active alcoholic.

(4) Respondent knew or should have known that failure to file personal income tax returns was a criminal violation of federal law.

(5) Respondent has, since the time of his sentence, entered upon a successful program of recovery from alcoholism, including participation in Alcoholics Anonymous, the cooperation of his new wife in his recovery, and the cooperation of loyal colleagues.

(6) Respondent has exhibited great legal competence in the field of tax law, before and after the criminal acts and convictions.

(7) The legal affairs of his clients were never jeopardized by his failure to file his personal income tax returns.

(8) Respondent has been lawfully employed as a consultant to a tax law firm, rendering assistance to colleagues in service to tax clients.

(9) Respondent never intended to evade his responsibility for payment of federal income taxes.

(10) Respondent has not been suspended from the practice of law by the Supreme Court of the Commonwealth of Pennsylvania.

(11) Respondent owes past income taxes to the United States in a sum not more than $143,000.

(12) Respondent has at all times been ready and available to meet the government's terms for arrangements for payment of his lawful tax obligations.

## CONCLUSION OF LAW

The disciplinary board of the Supreme Court of Pennsylvania concludes that because of his conduct, respondent violated the following disciplinary rule:

(A) D.R. 1-102(A)(6), which mandates that a lawyer shall not engage in conduct that adversely reflects on his fitness to practice law.

## DISCUSSION

It is clear that the offense committed by this respondent, failure to file income tax returns from 1980-1984, is inexcusable conduct for a tax attorney, such as himself. No rational excuse exists for his failures in this area. Yet, his actions do not iden-

tify a cheat, but rather a man who lost his organizational grip.

Failure to file income tax return cases brought before this board have routinely resulted in a violation of D.R. 1-102(A)(6). In these cases the trend has been to suspend the offending attorney from practice for an appropriate period of time. See, e.g., *In re Anonymous No. 71 D.B. 84,* 35 D. & C. 3d 120 (1985) (three-month suspension); *In re Anonymous No. 15 D.B. 83,* 28 D. & C. 3d 609 (1983) (one-year suspension); *In re Anonymous No. 53 D.B. 81,* 21 D. & C. 3d 673 (1982) (three-month suspension).

A view of the facts and circumstances unique to the instant case demonstrates a clear violation of D.R. 1-102(A)(6) of the disciplinary rules. Respondent earned a Master of Laws (LLM) degree in taxation from [ ] University. Thus, failure to file an income tax return *is* a rather ironic set of circumstances for respondent.

There are, however, mitigating circumstances which respondent has fully admitted. A failing marriage and the onset of alcoholism were primary causes of respondent's failure to meet his personal obligations. Respondent has abstained from drinking since December 1986. Further, he has been a committed member and participant in Alcoholics Anonymous.

Since he was confronted by the IRS, respondent has cooperated in every way, and currently shows every prospect of repaying his back taxes. Also, he has served his 30-day jail term, six-month probation, and fulfilled all other terms and conditions of the probation.

Of all the "failure to file" cases I have seen, as a member of this board, this one is perhaps the most compelling. There is no question about respon-

dent's competence to practice law. Likewise, there is no question that neither the public nor respondent's clients were ever prejudiced by his conduct. To the respondent's credit, he has turned his life around and has been a model citizen, lawyer, husband and human being since 1986.

## RECOMMENDATION

Based on the foregoing discussion, considering the mitigating circumstances, the disciplinary board recommends that respondent, [   ], be suspended from the practice of law for a period of 30 days. The board recommends, additionally, that respondent be ordered to pay the costs of investigating and prosecuting this matter.

Mr. Douglas, Mr. Tumolo and Mr. Keller did not participate in the adjudication.

## ORDER

And now, January 23, 1989, upon consideration of the report and recommendations of the disciplinary board dated October 19, 1988, it is ordered that [respondent], be and he is suspended from the bar of this commonwealth for a period of 30 days, and compliance with the provisions of rule 217, Pa.R.D.E., is hereby waived. It is further ordered that respondent shall pay costs to the disciplinary board pursuant to rule 208(g), Pa.R.D.E.

Mr. Justice McDermott dissents.